ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (OATA-2026-005)

| WALTER GARCÍA SÁNCHEZ Y KEYLA NAZARIO DELGADO<br><br>Parte Apelante<br><br>v.<br><br>HARRY OCASIO HENRIQUEZ Y OTROS<br><br>Parte Apelada | KLAN202401087 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV00206<br><br>Sobre: Constitución de Puerto Rico, Daños y Perjuicios, Hostigamiento Laboral, Discrimen en el Empleo, Sentencia Declaratoria, Ley Núm. 100 de 30 de junio de 1959, Ley Núm. 16 de agosto de 1975, Ley 284-1999, "Ley Contra el Acecho en Puerto Rico", Título VII de la Ley de Derechos Civiles de 1964; Emtala |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Comparece ante *nos* Walter García Sánchez (García Sánchez y Keyla Nazario Delgado (Nazario Delgado) (en conjunto, los apelantes) y nos solicitan que revisemos y revoquemos una *Sentencia Parcial* emitida el 15 de octubre de 2024 y notificada el 18 de octubre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Humacao, mediante la cual el foro primario desestimó con perjuicio la *Demanda* presentada en contra

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, y con el fin de garantizar la atención y continuidad en la adjudicación de los casos en los que participaba, se modifica la integración del Panel.

de Julio L. Géigel Pérez (Géigel Pérez), Fulana de Tal 2 y la Sociedad Legal de Gananciales compuesta por ambos, porque la mencionada *Demanda* no satisface el criterio de plausibilidad exigido en nuestro ordenamiento jurídico.

Asimismo, nos solicitan que revisemos y revoquemos una segunda *Sentencia Parcial* emitida por el TPI el 15 de octubre de 2024 y notificada el 18 de octubre de 2024. Mediante dicho dictamen, el foro primario desestimó la *Demanda* presentada en contra de Harry Ocasio Henríquez (Ocasio Henríquez), Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos, por prescripción.

Por último, nos solicitan que revisemos y revoquemos una tercera *Sentencia Parcial* emitida por el foro primario el 15 de octubre de 2024 y notificada el 18 de octubre de 2024, mediante la cual se desestimó la *Demanda* presentada en contra de Ángel M. Laboy (Laboy), Fulana de Tal 3 y la Sociedad Legal de Gananciales compuesta por ambos, porque la mencionada *Demanda* no satisface el criterio de plausibilidad exigido en nuestro ordenamiento jurídico.

Por los fundamentos que expondremos a continuación, *confirmamos* las determinaciones apeladas.

**I.**

Surge del expediente ante nuestra consideración que, el 16 de febrero de 2024, García Sánchez y Nazario Delgado presentaron una *Demanda* en contra de Ocasio Henríquez, el Municipio de Humacao (Municipio), Géigel Pérez en su carácter personal y oficial, Laboy y otros, sobre daños y perjuicios, hostigamiento laboral, discrimen en el empleo, represalias en el empleo, acecho, violación de derechos civiles y Sentencia Declaratoria. En la *Demanda*, los apelantes alegaron que el 11 de enero de 2023, García Sánchez, empleado del Municipio de Humacao como conductor de vehículos pesados, fue asignado a remover letreros sin el equipo de protección ocular

adecuado. Como consecuencia, sufrió un accidente que culminó en la pérdida permanente de su ojo izquierdo, lo que le ha provocado secuelas físicas y emociones significativas.

Luego de varios incidentes procesales, el 2 de agosto de 2024, Géigel Pérez, Alcalde de Humacao, Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos, presentaron una *Moción de Desestimación de la Parte Compareciente en su Carácter Personal.* Ese mismo día, Laboy también presentó una *Moción de Desestimación de la Parte Compareciente en su Carácter Personal.* Por su parte, el 23 de agosto de 2024, Ocasio Henríquez funcionario del Municipio de Humacao, presentó una *Moción de Desestimación de la Parte Compareciente en su Carácter Personal.*

Así las cosas, el 16 de septiembre de 2024, la parte apelante presentó una *Oposición a Moción de Desestimación.* Acto seguido, el 15 de octubre de 2024, notificadas el 18 de octubre de 2024, el foro primario emitió las tres (3) *Sentencias Parciales* apeladas, mediante las cuales declaró *Ha Lugar* las tres (3) solicitudes de desestimación presentadas por Géigel Pérez, Laboy y Ocasio Henríquez.

En la primera *Sentencia Parcial,* el foro primario determinó que los apelantes no hicieron alegaciones en la *Demanda* en contra de Géigel Pérez, Fulana de Tal 2, ni la Sociedad Legal de Gananciales compuesta por ambos, para que estos pudieran ser responsabilizados en su carácter personal para resarcir a la parte apelante con su pecunio. Además, razonó que los apelantes no hicieron una reclamación directa en cuanto a Géigel Pérez, por lo que la *Demanda* es insuficiente en cuanto a este.

Con relación a la segunda *Sentencia Parcial,* el TPI concluyó que procedía la desestimación de la *Demanda* presentada en contra de Ocasio Henríquez, por prescripción. Destacó el foro primario que, para que la prescripción se interrumpiera, los apelantes tenían que haber reclamado a Ocasio Henríquez y no lo hicieron. Asimismo, acentuó que, el accidente ocurrió el 11 de enero de 2023, por lo cual,

los apelantes tenían hasta el 11 de enero de 2024 para presentar su causa de acción y esta fue presentada el 16 de febrero de 2024.

En la última *Sentencia Parcial,* el foro primario desestimó la *Demanda* presentada en contra de Laboy. En esta, el TPI expuso que las alegaciones de la *Demanda* no cumplen con el criterio de plausibilidad exigido en nuestro ordenamiento jurídico. Sostuvo que de la *Demanda* no surgen hechos concretos que establezcan que Laboy sea responsable por las causas de acción en controversia.

En desacuerdo, el 28 de octubre de 2024, los apelantes presentaron una *Moción de Reconsideración [...]* con relación a las tres (3) *Sentencias Parciales* apeladas. Oportunamente, el 4 de noviembre de 2024, notificada el 5 de noviembre de 2024, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme aun, el 4 de diciembre de 2024, los apelantes comparecieron ante *nos* mediante un recurso de *Apelación* y alegaron la comisión de los siguientes errores:

En desacuerdo con las sentencias parciales emitidas el 15 de octubre de 2024, el Sr. García Sánchez y la Sra. Nazario Delgado acudieron ante nosotros el 4 de diciembre de 2024 mediante el presente recurso de *Apelación.* En su escrito, señalaron los errores siguientes:

> Erró y abusó de su discreción el foro de instancia al desestimar con perjuicio la demanda del caso de epígrafe contra la parte apelada aduciendo que la Demanda de este caso no satisface el criterio de plausibilidad.

> Erró y abusó de su discreción el foro de instancia al desestimar con perjuicio la demanda del caso de epígrafe contra la parte apelada aduciendo que los reclamos de dicha demanda están prescritos.

> Erró y abusó de su discreción el foro de instancia al no acoger la moción de reconsideración de la parte apelante, la cual discute y fundamenta porque la demanda de este caso le aplica todas las leyes que aparecen en su epígrafe y que vincula a la parte

apelada, porque satisface lo que dispone el ordenamiento jurídico en cuanto a la demanda.

El 8 de enero de 2025, emitimos una *Sentencia* mediante la cual ordenamos la desestimación del presente recurso por falta de jurisdicción. Subsiguientemente, el 24 de enero de 2025, la parte apelante presentó una *Moción de Reconsideración*. Así, el 31 de enero de 2025, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de reconsideración. Inconforme, la parte apelante acudió ante el Tribunal Supremo en el caso CC-2025-0132. Consecuentemente, el 5 de diciembre de 2025, nuestro máximo Foro emitió una *Sentencia* mediante la cual revocó nuestro dictamen del 8 de enero de 2025.

Devuelto el caso ante nuestra consideración, el 23 de enero de 2026, emitimos una *Resolución* mediante la cual le concedimos a los apelados un término de veinte (20) días para fijar posición al recurso de *Apelación*. El 10 de febrero de 2026, los apelados presentaron su *Alegato*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se

encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Saint Mary Investments, LLC. v. Denton Morales*, 2026 TSPR 35, 218 DPR __ 35 (2026); *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715 (2021) (Sentencia).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa et al.*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra*.

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado et al. v. United Surety, supra* (Sentencia)*; Torres Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983). A esos efectos, la Regla 13.1 de Procedimiento Civil (32 LPRA Ap. V), permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o clarificar reclamaciones previamente interpuestas. *Saint Mary Investments, LLC. v. Denton Morales, supra*, citando a *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (2012).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil

(32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres Torres v. Torres et al.*, *supra*, pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 428.

Así pues, corresponde conceder la desestimación cuando las alegaciones permiten concluir claramente que la demanda carece de todo merito o que la parte demandante no tiene derecho a obtener algún remedio. *Saint Mary Investments, LLC. v. Denton Morales*, *supra*. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 429.

### B. Prescripción

La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Econo y otros*, 213 DPR 80 (2023); *Maldonado Rivera v. Suarez*, 195 DPR 182 (2016). Dicho de otro modo, la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia. Así, la prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del

plazo de tiempo que la ley fija para invocarlo. Artículo 1189 del Código Civil (31 LPRA sec. 9481). Las acciones prescriben por el mero lapso del tiempo fijado por ley. *Íd.* Así pues, los plazos de prescripción comienzan a transcurrir cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar. Artículo 1190 del Código Civil (31 LPRA sec. 9482).

Según estableció nuestro máximo Foro en *Zambrana Maldonado v. E.L.A.,* 129 DPR 740 (1992),

> la prescripción es un fenómeno basado en la inercia, mientras que la interrupción está basada en la actividad, la ruptura de esa inercia. De acuerdo con Orozco Pardo, la "interrupción, suspensión y renuncia, son los componentes que hacen justa y moral a la prescripción" Orozco Pardo, Guillermo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Cap. III, pág. 59, Granada (1986). Cabe señalar **"que la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación".** (Énfasis suplido).

Existen tres (3) maneras de interrumpir un término prescriptivo: (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. Artículo 1197 del Código Civil (31 LPRA sec. 9489). Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. *Íd.*

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043 (2020). Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas

estén sujetas de forma indefinida a la contingencia de una reclamación. *Conde Cruz v. Resto Rodríguez et al.*, *supra*. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. *Íd.*

Cónsono con esto, el Artículo 1204 del Código Civil dispone, entre otras cosas, que prescriben, salvo disposición diversa de la ley: por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. (31 LPRA sec. 9496). Así pues, la reclamación de daños y perjuicios al amparo del Artículo 1536 del Código Civil (31 LPRA sec. 10801), prescribe al cabo de un (1) año.

**III.**

Por estar íntimamente relacionados, discutiremos el primer y el tercer señalamiento de error de forma conjunta.

La parte peticionaria adujo que erró y abusó de su discreción el foro primario al desestimar con perjuicio la *Demanda* aduciendo que la misma no satisface el criterio de plausibilidad. Indicó, además, que erró y abusó de su discreción el TPI al no acoger la moción de reconsideración, la cual discute y fundamenta porque a la *Demanda* le aplican todas las leyes que aparecen en el epígrafe y que vinculan a la parte apelada y porque satisface lo que dispone nuestro ordenamiento jurídico.

Luego de un análisis minucioso de las alegaciones de la *Demanda* y dando como ciertos todos los hechos bien alegados en esta e interpretándolos a favor de los apelantes, debemos concluir que la reclamación de epígrafe, ciertamente, no cumple con el requisito de plausibilidad.

En el caso ante *nos*, la parte apelante no realizó alegaciones en la *Demanda* en contra de Géigel Pérez, Fulana de Tal 2, ni las Sociedad Legal de Gananciales compuesta por ambos, para que pudiesen ser responsables en su carácter personal. Así pues, tal y

como resolvió el foro primario, los apelantes no hicieron una reclamación directa en contra de Géigel Pérez, Fulana de Tal 2, ni las Sociedad Legal de Gananciales compuesta por ambos, por lo que la *Demanda* es insuficiente en cuanto a estos.

Igual situación ocurre en cuanto al codemandado Laboy, Fulana de Tal 3 y la Sociedad Legal de Gananciales compuesta por ambos. No se desprende de la *Demanda*, que la apelante haya alegado hechos que justifiquen la concesión de un remedio. Por lo cual, en cuanto a Laboy tampoco se cumplió con el criterio de plausibilidad exigido por nuestro ordenamiento jurídico.

Así pues, de la *Demanda* no se desprenden hechos que demuestren que tanto Géigel Pérez como Laboy hayan llevado a cabo actuaciones u omisiones que pudieran catalogarse como discrimen por edad, acoso laboral, represalias o acecho.

Finalmente, la parte apelante señaló que erró y abusó de su discreción el foro primario al desestimar con perjuicio la *Demanda* en contra de Ocasio Henríquez, aduciendo que los reclamos están prescritos. No le asiste la razón.

Del expediente ante nuestra consideración surge que, los hechos ocurrieron el 11 de enero de 2023, por lo cual, los apelantes tenían hasta el 11 de enero de 2024, para presentar su causa de acción. Sin embargo, la parte apelante se cruzó de brazos y esperó hasta el 16 de febrero de 2024, para presentar la *Demanda* de epígrafe.

Así, no surge ningún documento que acredite fehacientemente que los apelantes hayan interrumpido el término prescriptivo mediante una reclamación extrajudicial dirigida a Ocasio Henríquez. Por lo cual, al no haberse interrumpido el término prescriptivo mediante alguna de las maneras establecidas en el Artículo 1197 del Código Civil, *supra*, o haberse presentado la

*Demanda* en o antes del 11 de enero de 2024, procedía la desestimación.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* las tres (3) *Sentencias Apeladas.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones